# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

December 19, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**TIMOTHY C. STAFFORD,**
**Claimant Below, Petitioner**


**vs.)  No. 12-0732** (BOR Appeal No. 2046717)
                (Claim No. 970060337)


**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CECIL I. WALKER MACHINERY COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Timothy C. Stafford, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, in its capacity as administrator of the Old Fund, by Brandolyn N. Felton, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 18, 2012, in which the Board affirmed a November 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 28, 2009, decision which denied a request to reopen the claim for additional medical treatment. The Office of Judges' Order also affirmed the claims administrator's April 5, 2010, Order which denied a request to reopen the claim for permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stafford, an engine mechanic, injured his back in the course of his employment on April 21, 1997. The claim was held compensable and on July 9, 1998, he received a 3% permanent partial disability award. On December 28, 2009, the claims administrator denied a request to reopen the claim for additional medical benefits. On April 5, 2010, the claims administrator denied a request to reopen the claim for permanent partial disability benefits. Mr. Stafford last received significant treatment for his compensable injury in October of 2003.

The Office of Judges held that both of Mr. Stafford's requests were properly denied. Pursuant to West Virginia Code § 23-4-16(a)(4) (2005), requests for additional medical benefits must be denied if the claimant has not received any significant medical treatment for a period of five years. In this case, the Office of Judges determined, from the evidentiary record, that Mr. Stafford has not received significant medical treatment for his 1997 compensable injury since October of 2003. The request for additional medical benefits was made on December 5, 2009. This was determined to be outside of the statutory five year time period.

The Office of Judges also held that, pursuant to West Virginia Code § 23-4-16(a)(2) (2005), Mr. Stafford's request to reopen the claim for additional permanent partial disability must also be denied. The Office of Judges determined that the request exceeds the five year time period in which claims may be reopened. Mr. Stafford was given a permanent partial disability award of 3% on July 9, 1998. Therefore, he was entitled to reopen his claim only if he filed for reopening within five years of receiving the award. Mr. Stafford did not make the request to reopen the claim until March of 2010. Therefore, the request was not timely made.

The Board of Review correctly adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 18, 2012, decision. Because both of Mr. Stafford's requests fall outside of the statutorily allotted five year periods, this Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II